UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CRAIG GRAM,<br><br>　　　　Defendant. | Case No. 1:23-cr-00181-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Craig Gram's Motion to Dismiss Indictment (Dkt. 27) and his related request to hold that motion in abeyance (Dkt. 40). Having reviewed the record and the parties' submissions, the Court finds that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons discussed below, the Court denies the motions and will schedule this matter for trial.

### BACKGROUND

On June 22, 2023, a grand jury returned an indictment charging Gram with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. 2). Gram has a prior felony conviction for possession of a controlled substance in Canyon County, Idaho, in violation of Idaho Code § 37-2732(c)(1) (Dkt. 27-2).

Gram previously filed a motion to dismiss the indictment, arguing that § 922(g)(1) is unconstitutional as applied to him under the Second Amendment (Dkt. 27). Because the Ninth Circuit had granted rehearing in *United States v. Duarte*, 101 F.4th 657 (9th Cir.), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024), and *on reh'g en banc*, 137 F.4th 743 (9th

**MEMORANDUM DECISION AND ORDER - 1**

Cir. 2025), this Court stayed the motion (Dkt. 34). Thereafter, the Ninth Circuit en banc panel ruled that § 922(g)(1)'s permanent and categorical disarmament of felons is consistent with this Nation's historical tradition of firearm regulations" and is, thus, constitutional. 137 F.4th at 761. Despite that Duarte has filed a petition of certiorari with the Supreme Court, *Duarte* is binding authority on this Court. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017); *Wedbush, Noble, Cooke, Inc. v. S.E.C.*, 714 F.2d 923, 924 (9th Cir. 1983).

Following the Ninth Circuit's en banc decision in *Duarte* Gram filed a supplemental brief renewing his motion to preserve the issue for appeal (Dkt. 45).

## LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Although the Court may make preliminary factual findings necessary to decide legal questions, it may not invade the jury's province. *Id.*

A defendant may seek dismissal of an indictment on the grounds that the statute authorizing the charge is unconstitutional. Such a challenge may be either facial or as-applied. *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Spence v. Washington*, 418 U.S. 405, 414 (1974). To succeed on a facial attack, the moving party must demonstrate "no application of the statute could be constitutional." *Sabri v. United States*, 541 U.S. 600, 609 (2004). A facial challenge is the "most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Salerno*, 481 U.S. at 745.

MEMORANDUM DECISION AND ORDER - 2

Conversely, an as-applied challenge is based on a developed factual record and the statute's application to the defendant. *Spence*, 418 U.S. at 414.

Relevant here, the Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the Supreme Court established a two-step framework for evaluating Second Amendment challenges. First, courts determine whether "the Second Amendment's plain text covers the individual's conduct." *Id.* at 24. If it does, the burden shifts to the government to demonstrate that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.*

## ANALYSIS

This Court has already considered Gram's arguments in support of his motion to continue to hold his motion to dismiss in abeyance in other contexts. *See United States v. Castro*, No. 1:25-CR-00069-AKB-1, 2025 WL 2855396, at *2 (D. Idaho Oct. 7, 2025) (declining request to hold motion to dismiss in abeyance pending issuance of mandate in *Duarte*). As a matter of discretion and for the reasons set forth in *Castro*—the public interest in resolving criminal charges, *Duarte's* binding effect, and a defendant's preserved rights of appeal—the Court declines to hold Gram's motion in abeyance any further and denies the motion. Accordingly, the Court addresses Gram's motion to dismiss the indictment.

In support of that motion, Gram argues that § 922(g)(1) violates the Second Amendment as applied to him because his predicate conviction was non-violent and lacks any historical analogue justifying permanent disarmament. He contends that the statute is unconstitutionally vague under *Duarte* and *United States v. Rahimi*, 602 U.S. 680 (2024). These arguments, however, are foreclosed by the Ninth Circuit's en banc decision in *Duarte*, 137 F.4th 743. The Ninth Circuit expressly held that "§ 922(g)(1) is not unconstitutional as applied to non-violent felons." *Id.* at

748. Further, it concluded that "historical tradition is sufficient to uphold the application of § 922(g)(1) to all felons," and that the Second Amendment does not require "felony-by-felony litigation" or individualized assessments of dangerousness. *Id.* at 761.

Consequently, under *Duarte*, the categorical prohibition on firearm possession by felons—violent or non-violent—comports with the Nation's historical tradition of firearm regulation. Because the Ninth Circuit has concluded that § 922(g)(1) is constitutional as applied to non-violent felons, this Court is bound to follow that ruling. Accordingly, because *Duarte* is controlling and dispositive, the Court concludes that § 922(g)(1) is constitutional as applied to Gram.

The Supreme Court's decision in *Rahimi*, 602 U.S. 680, does not alter this result. *Rahimi* addressed § 922(g)(8), which prohibits firearm possession by individuals subject to domestic-violence restraining orders; it upheld that provision under the *Bruen* framework. The Supreme Court in *Rahimi* neither disturbed the statement in *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), that felon-disarmament laws are "presumptively lawful" nor cast doubt on the constitutionality of § 922(g)(1).

## ORDER

**IT IS ORDERED that:**

1. Defendant Craig Gram's Motion to Dismiss Indictment (Dkt. 27) is **DENIED.**

2. Gram's Motion to Continue to Hold in Abeyance (Dkt. 40) is **DENIED.**

3. The Court will issue a separate order setting this case for trial and establishing the deadlines to govern the case.

DATED: October 27, 2025

Amanda K. Brailsford
U.S. District Court Judge